<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVEN C. LLOYD, et al., : | |
| : | Civil Action No. 11-1386 (SRC) |
| Plaintiffs, : | |
| : | **OPINION & ORDER** |
| v. : | |
| : | |
| DAVID F. CARNEY, et al., : | |
| : | |
| Defendants. : | |
| : | |
| : | |

<u>**CHESLER**</u>, District Judge

This matter comes before the Court on the motion for a temporary stay of all proceedings filed by Defendants Lincoln Education Services Corporation ("Lincoln"), David F. Carney, Shaun E. McAlmont, Scott M. Shaw, Cesar Ribeiro, Thomas F. McHugh, Piper P. Jameson, Alvin O. Austin, Peter S. Burgess, James J. Burke, Celia H. Currin, Paul E. Glaske, Charles F. Kalmbach, Alexis P. Michas, and J. Barry Morrow (collectively "Defendants") [docket entry no. 9]. Plaintiffs Steven C. Lloyd and Paul Stone (collectively "Plaintiffs") have opposed the motion. The Court has considered the papers submitted by the parties and opts to rule on the motion without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons discussed below, the Court will grant Defendants' motion for a temporary stay of all proceedings.

The first federal securities fraud class action against Lincoln was commenced on August 13, 2010 in this Court. *Moreaux v. Lincoln Educ. Servs. Corp., et al.*, No. 10-cv-4160-SRC. A

second, identical, federal securities fraud class action complaint was filed on September 19, 2010.  *Lyathaud v. Lincoln Educ. Servs. Corp., et al.*, No. 10-cv-4926-SRC.  In November 2010 the instant Plaintiffs made litigation demands upon Lincoln's Board.  On November 19, 2010, the demands were refused.  During the time between the refusal and Plaintiffs filing this action, two other derivative actions were instituted based on factual allegations that were substantively identical to those made in Plaintiffs' demand letters.  *Schweertmann v. Carney, et al.*, No. 10-cv-6686-SRC; *Lehner v. McAlmont, et al.*, No. C-37-11.  On March 2, 2011, the plaintiff in *Schweertmann* agreed to stay his case pending the Court's resolution of the defendants' motion to dismiss the class action.  The parties agreed that a temporary stay "is appropriate in that it will avoid inefficiencies and duplicative efforts, will better preserve the resources of the Court and the Parties, and will more closely align the proceedings in the [instant] Action with the proceedings in the Securities [Class] Action." [No. 10-cv-6686, docket entry no. 7-1].  The plaintiffs in the state derivative action joined in the stay for similar reasons.  Plaintiffs filed this action March 11, 2011.

      This Court has the inherent power to stay proceedings in order to promote fair and efficient adjudication.  *See, e.g., Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *U.S. v. Breyer*, 41 F.3d 884, 893 (3d Cir. 1994).  In determining whether or not to grant a stay, a court will consider: "the hardship to the moving party should the case proceed; the potential prejudice to the non-moving party; whether the actions involve same or similar parties; the similarity of issues; and judicial economy."  *Packer v. Power Balance, LLC*, 2011 WL 1099011, at *1 (D.N.J. Mar. 22, 2011).  Plaintiffs basic argument is that their case differs from the other derivative actions because theirs is one of demand refusal as opposed to demand futility.  This is not

sufficient reason to deny the stay. All three cases assert the same claim for breach of fiduciary duty based on the same allegations that Lincoln engaged in improper recruiting practices against nearly all of the same defendants in an attempt to recover the same damages. Thus, the issues and the parties are clearly similar. If this case were to proceed, Defendants would potentially be forced to relitigate the same issues in the other derivative actions, whereas Plaintiffs have not shown that time is of the essence in this action. It is abundantly clear that considerations of judicial economy weigh heavily in favor of granting the temporary stay.

For these reasons,

**IT IS** on this 5th day of August, 2011,

**ORDERED** that Defendants' motion for a temporary stay of all proceedings [docket entry no. 9] be and hereby is **GRANTED**; and it is further

**ORDERED** that all proceedings in this action be and hereby are **STAYED** until the securities class action, *In re Lincoln Educ. Servs. Corp. Sec. Litig.*, Master File No. 10 Civ. 4160-SRC-MAS (the "Securities Action"), is dismissed with prejudice or the Defendants file an answer in the Securities Action; and it is further

**ORDERED** that Plaintiffs shall decide whether to dismiss or proceed with this action and will either dismiss this action or meet and confer with Defendants regarding Plaintiffs' decision to proceed, as the case may be, within fourteen (14) days from when the Securities Action is dismissed with prejudice or the Defendants file an answer in the Securities Action; and it is further

**ORDERED** that if Plaintiffs decide to proceed with this Action, Plaintiffs shall file an Amended Complaint or stand upon their Complaint within thirty (30) days after Plaintiffs and Defendants meet and confer; and it is further

**ORDERED** that Defendants shall answer, move, or otherwise respond to the Complaint or the Amended Complaint, as the case may be, within sixty (60) days after Plaintiffs file an Amended Consolidated Derivative Complaint or rest upon the Complaint; and it is further

**ORDERED** that Plaintiffs shall respond to any motion to dismiss within sixty (60) days after Defendants file and serve such motion; and it is further

**ORDERED** that Defendants shall reply to Plaintiffs' opposition to any motion to dismiss within forty-five (45) days after Plaintiffs' service of the opposition.

                                                s/Stanley R. Chesler
                                                STANLEY R. CHESLER
                                                United States District Judge